**COPY**

Barry Werbin (BW-3595)
John J. Malley (JJM - 3900)
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, N.Y. 10016
(212) 592-1418
(212) 545-3401 (Fax)
Attorneys for Plaintiffs

**JUDGE KARAS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

EXCALIBUR LIMITED PARTNERSHIP and
WHALEHAVEN CAPITAL FUND LTD.,

                 Plaintiffs,

-against-

EARTH BIOFUELS, INC.,

                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**07 CV 3434**

Civ. No. _____

**COMPLAINT**

[Stamp: APR 30 2007 U.S.D.C. S.D.N.Y. CASHIERS]

      Plaintiffs Excalibur Limited Partnership ("Excalibur") and Whalehaven Capital Fund Ltd ("Whalehaven"), by their attorneys, Herrick, Feinstein LLP, as and for their Complaint against defendant Earth Biofuels, Inc. ("Earth Biofuels"), hereby allege as follows:

### Introduction

      1.    This is a breach of contract action in which Excalibur and Whalehaven seek damages for Earth Biofuels' defaults of its obligations under (a) respective $500,000 and $600,000 Senior Convertible Notes issued to them by Earth Biofuels on August 11, 2006, and (b) respective Registration Rights Agreements that Excalibur and Whalehaven entered into with Earth Biofuels on the same date. Specifically, Excalibur and Whalehaven demand redemption and payment of the entire $1.1 million principal balance due on the Notes, plus accrued and unpaid interest, accrued and unpaid late charges, the full redemption premium due under the Notes and, among other charges, certain delay payments specified and due under the Registration

Rights Agreements. In addition, Excalibur and Whalehaven demand the costs, disbursements and attorneys' fees that it incurs in this lawsuit pursuant to explicit terms in the Notes that provide for that relief.

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00.

3. In addition, this Court has jurisdiction based on all the parties' express consent to jurisdiction in this Court pursuant to paragraph 28 of the Senior Convertible Notes issued to Excalibur (the "Excalibur Note") and Whalehaven (the "Whalehaven Note"; collectively, the "Notes") and paragraph 11(d) of the Registration Rights Agreements that Excalibur and Whalehaven entered into with Earth Biofuels (collectively, the "Registration Rights Agreements").

4. Venue is proper in this district because the parties have expressly consented to such venue pursuant to paragraph 28 of the Notes and paragraph 11(d) of the Registration Rights Agreements.

## Parties

5. Excalibur is a limited partnership organized under the laws of the Province of Manitoba, Canada, with its principal place of business located at 33 Prince Arthur Avenue, Toronto, Ontario, Canada M5R1B2.

6. Whalehaven is a corporation organized under the laws of Bermuda, with its principal place of business located at 33 Prince Arthur Avenue, Toronto, Ontario, Canada M5R1B2.

7. Upon information and belief, defendant Earth Biofuels is a publicly-traded corporation, organized under the laws of the State of Delaware, with its principal place of business located at 3001 Knox Street, Suite 403, Dallas, TX 75205.

## The Relevant Facts

### The Notes

8. On August 11, 2006, in consideration of Excalibur advancing to Earth Biofuels the principal sum of $500,000, Earth Biofuels issued the $500,000 Excalibur Note to Excalibur. A copy of the Excalibur Note is attached hereto as Exhibit A.

9. On August 11, 2006, in consideration of Excalibur advancing to Earth Biofuels the principal sum of $600,000, Earth Biofuels issued the $600,000 Whalehaven note to Whalehaven. A copy of the Whalehaven Note is attached hereto as Exhibit B.

10. The Notes mature on August 11, 2011, barring an Event of Default as defined therein or the occurrence of specified conditions that give plaintiffs' certain rights and options with respect to converting their Notes into common stock of Earth Biofuels.

### The Registration Rights Agreements

11. On August 11, 20006, Earth Biofuels entered into a Registration Rights Agreement with Excalibur. A copy of the Excalibur Registration Rights Agreement is attached hereto as Exhibit C.

12. On August 11, 20006, Earth Biofuels entered into a Registration Rights Agreement with Whalehaven. A copy of the Whalehaven Registration Rights Agreement is attached hereto as Exhibit D.

13. The Registration Rights Agreements set forth the conditions and mechanism pursuant to which the Notes would be converted into Earth Biofuels' common stock.

## Biofuels' Obligations to Plaintiffs Under the Notes and the Registration Rights Agreements

14. Section 2(a) of each of the Registration Rights Agreements provides that Earth Biofuels must file its Registration Statement with the SEC no later than the "Filing Deadline," which is defined in Section 1(e) thereof as 30 days after July 24, 2006, or August 23, 2006. (Exs. C and D, Section 2(a) and (e)).

15. Section 4(a)(i) of each of the Notes provides that an Event of Default occurs under the Notes upon Earth Biofuels' failure to timely file a Registration Statement with the SEC and to have it declared effective, as follows:

> Event of Default. Each of the following events shall constitute an "**Event of Default**":
>
> (i) the failure of the applicable Registration Statement required to be filed pursuant to the Registration Rights Agreement to be declared effective by the SEC on or prior to the date that is sixty (60) days after the applicable Effectiveness Deadline (as defined in the Registration Rights Agreement)....

(Exs. A and B, Section 4(a)(i)).

16. The applicable "Effectiveness Deadline," as defined in Section 1(d) of the Registration Rights Agreements, is (i) September 22, 2006 in the event that the Registration Statement is not subject to a review by the SEC, or (ii) November 21, 2006, in the event that the Registration Statement is subject to review by the SEC. Therefore "sixty (60) days after the applicable Effectiveness Deadline," as set forth in Section 4(a)(i), of the Notes, is November 21, 2006 or January 20, 2007, depending upon whether the Registration Statement is subject to a SEC review.

17. Earth Biofuels' failure to timely file its Registration Statement to be declared effective by the SEC also constitutes a material default under Section 4(a)(x) of the Notes, which provides that an Event of Default also occurs, among other things, upon Earth

Biofuels' breach of any representation, warranty, covenant, term or condition of any Transaction Document (defined to include the Registration Rights Agreements), which is or is likely to have an adverse impact on Earth Biofuels or note holders in excess of $250,000. (See Exs. A and B, Section 4(a)(x)).

**Excalibur's and Whalehaven's Redemption Rights After Occurrence of an Event of Default**

18.   Section 4(b) of the Notes provides that within one business day after the occurrence of an Event of Default, Earth Biofuels shall deliver an Event of Default Notice to the note holder (each of the plaintiffs herein), and at any time after the earlier of the holder's receipt of an Event of Default Notice or the holder becoming aware of the Event of Default, the holder may require Earth Biofuels to redeem all or any portion of the subject Note by delivering an Event of Default Redemption Notice:

> (b) Redemption Right. Upon the occurrence of an Event of Default with respect to this Note…, the Company shall within one (1) Business Day deliver written notice thereof via facsimile and overnight courier (an "**Event of Default Notice**") to the Holder. At any time after the earlier of the Holder's receipt of an Event of Default Notice and the Holder becoming aware of an Event of Default, the Holder may require the Company to redeem all or any portion of this Note by delivering written notice thereof (the "**Event of Default Redemption Notice**") to the Company….

(Exs. A and B, Section 4(b)).

**Registration Delay Payments**

19.   Under Section 2(f) of the Registration Rights Agreement, Earth Biofuels is obligated to pay "Registration Delay Payments" to Excalibur and Whalehaven if, among other things (i) Earth Biofuels does not file a Registration Statement with the SEC on or before August 23, 2006, or (ii) the Registration Statement is not declared effective by September 22, 2006, in

the event that the Registration Statement is not subject to a review by the SEC, or November 21, 2006, in the event the Registration Statement is subject to a review by the SEC.

20. Section 4(b) of each of the Notes, further provides a formula for damages payable to each of the plaintiffs upon an Event of Default under the Notes, inclusive of all principal, interest, late fees and other redemption payments (collectively, the "Event of Default Redemption Price"), as follows:

> Each portion of this Note subject to redemption by the Company pursuant to this Section 4(b) shall be redeemed by the Company at a price equal to the greater of (i) the product of (A) the sum of the Conversion Amount to be redeemed together with accrued and unpaid Interest with respect to such Conversion Amount and accrued and unpaid Late Charges with respect to such Conversion Amount and Interest and (B) the Redemption Premium and (ii) the product of (A) the Conversion Rate with respect to such sum of the Conversion Amount together with accrued and unpaid Interest with respect to such Conversion Amount and accrued and unpaid Late Charges with respect to such Conversion Amount and Interest in effect at such time as the Holder delivers an Event of Default Redemption Notice and (B) the product of (1) the Equity Value Redemption Premium and (2) the greater of (x) the Closing Sale Price of the Common Stock on the date immediately preceding such Event of Default, (y) the Closing Sale Price of the Common Stock on the date immediately after such Event of Default and (z) the Closing Sale Price of the Common Stock on the date the Holder delivers the Event of Default Redemption Notice…

**Earth Biofuels' Default of Its Obligations Under the Notes and the Registration Rights Agreements**

21. Earth Biofuels has never filed a Registration Statement with the SEC or had any Registration Statement declared effective by the SEC.

22. Consequently, Earth Biofuels has been and continues to be in material default under Sections 4(a)(i) and 4(a)(x) of the Notes and Section 2(a) of the Registration Rights Agreements.

**Excalibur's and Whalehaven's Event of Default**
<u>**Redemption Notice Demanding Redemption of the Notes**</u>

23. On April 13, 2007, as a result of Earth Biofuels' aforesaid material defaults, Excalibur and Whalehaven issued to Earth Biofuels an Event of Default Redemption Notice (the "Redemption Notice") pursuant to Section 4(b) of the Notes, in which they demanded that Earth Biofuels redeem the entire outstanding balance due under the Notes at the Event of Default Redemption Price, as calculated under Section 4(b) of the Notes, including, but not limited to, all principal, accrued and unpaid interest, accrued and unpaid late charges, the full redemption premiums and/or equity value redemption premiums, as applicable. A copy of the Redemption Notice is annexed hereto as Exhibit E.

24. In addition, the Redemption Notice further demanded that Earth Biofuels (a) make an immediate cash payment in full for all Registration Delay Payments that were and are due and payable under Section 2(f) of the Registration Rights Agreement, and (b) deliver the full Event of Default Redemption Price to each of the plaintiffs within five business days after Earth Biofuels' receipt of the Redemption Notice.

25. Earth Biofuels has failed to respond to Excalibur's and Whalehaven's Redemption Notice in any way whatsoever.

**The Attorneys' Fees Provisions**
<u>**In the Notes**</u>

26. The Notes provide that Earth Biofuels shall pay the costs, disbursements and attorneys' fees that Excalibur and Whalehaven incurs enforcing the provisions of the Notes through any legal proceeding:

> <u>PAYMENT OF COLLECTION, ENFORCEMENT AND OTHER COSTS</u>. If (a) this Note is placed in the hands of an attorney for collection or enforcement or is collected or enforced through any legal proceeding or the Holder otherwise takes action to collect amounts due under this Note or to enforce the provisions of this

Note...then the Company shall pay the costs incurred by the Holder for such collection, enforcement or action... or other proceeding, including, but not limited to, attorneys' fees and disbursements.

(Exs. A and B, Section 21)

## FIRST COUNT
### (Breach of the Excalibur Note)

27. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "25" above as if fully set forth at length herein.

28. The Excalibur Note is a valid and binding repayment agreement between Excalibur and Earth Biofuels.

29. Earth Biofuels is in material default of its obligations under the Excalibur Note and has breached it by, among other things, failing to timely file the required Excalibur Registration Statement and failing to cause the Excalibur Registration Statement to thereafter be declared effective.

30. Excalibur has performed all of its obligations under the Excalibur Note.

31. Excalibur has incurred damages as a result of Earth Biofuels' material defaults and breaches.

32. As a result of Earth Biofuels' material breach of the Excalibur Note, Earth Biofuels must redeem the Excalibur Note at the Event of Default Redemption Price, and Excalibur is entitled to payment for all sums due and owing under the Excalibur Note at the Event of Default Redemption Price, as calculated under Section 4(b) of the Excalibur Note, including, but not limited to, all principal in the amount of $500,000, accrued and unpaid interest, accrued and unpaid late charges, the full redemption premium and/or equity value redemption premium, as applicable, and its costs, disbursements and attorneys' fees pursuant to Section 21 of the Notes.

## SECOND COUNT
### (Breach of the Whalehaven Note)

33. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "31" above as if fully set forth at length herein.

34. The Whalehaven Note is a valid and binding repayment agreement between Whalehaven and Earth Biofuels.

35. Earth Biofuels is in material default of its obligations under the Whalehaven Note and has breached it by, among other things, failing to timely file the required Whalehaven Registration Statement and failing to cause the Whalehaven Registration Statement to be thereafter declared effective.

36. Whalehaven has performed all of its obligations under the Whalehaven Note.

37. Whalehaven has incurred damages as a result of Earth Biofuels' material defaults and breaches.

38. As a result of Earth Biofuels' material breach of the Whalehaven Note, Earth Biofuels must redeem the Whalehaven Note at the Event of Default Redemption Price, and Whalehaven is entitled to payment for all sums due and owing under the Whalehaven Note at the Event of Default Redemption Price, as calculated under Section 4(b) of the Whalehaven Note, including, but not limited to, all principal in the amount of $600,000, accrued and unpaid interest, accrued and unpaid late charges, the full redemption premium and/or equity value redemption premium, as applicable, and its costs, disbursements and attorneys fees' pursuant to Section 21 of the Notes.

## THIRD COUNT
### (Breach of Excalibur's Registration Rights Agreement)

39. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "37" above as if fully set forth at length herein.

40. The Excalibur Registration Rights Agreement is a valid and binding agreement between Excalibur and Earth Biofuels.

41. Earth Biofuels is in material default of its obligations under the Excalibur Registration Rights Agreement and has breached it by, among other things, failing to timely file the required Registration Statement and failing to cause the Registration Statement to be thereafter declared effective.

42. Excalibur has performed all of its obligations under the Excalibur Registration Rights Agreement.

43. Excalibur has incurred damages as a result of Earth Biofuels' material defaults and breaches.

44. As a result of these material breaches, Earth Biofuels is liable to Excalibur for all Registration Delay Payments that are due and payable under Section 2(f) of the Registration Rights Agreement, plus accrued and unpaid interests and costs.

## FOURTH COUNT
### (Breach of Whalehaven Registration Rights Agreement)

45. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "43" above as if fully set forth at length herein.

46. The Whalehaven Registration Rights Agreement is a valid and binding agreement between Whalehaven and Earth Biofuels.

47. Earth Biofuels is in material default of its obligations under the Whalehaven Registration Rights Agreement and has breached it by, among other things, failing

HF 3607666v.3 #12895/0001

to timely file the required Registration Statement and failing to cause the Registration Statement to be thereafter declared effective.

48. Whalehaven has performed all of its obligations under the Whalehaven Note.

49. Whalehaven has incurred damages as a result of Earth Biofuels' material defaults and breaches.

50. As a result of these material breaches, Earth Biofuels is liable to Whalehaven for all Registration Delay Payments that are due and payable under Section 2(f) of the Registration Rights Agreement, plus accrued and unpaid interests and costs.

WHEREFORE, Excalibur and Whalehaven demand that judgment be entered against Earth Biofuels as follows:

A. On the First Count, redemption for and payment of the entire outstanding balance of the Excalibur Note at the Event of Default Redemption Price as calculated under Section 4(b) of the Excalibur Note including, but not limited to, all principal in the amount of $500,000, accrued and unpaid interest, accrued and unpaid late charges, the full redemption premium and the equity value redemption premium, as applicable, plus interest, costs and attorneys' fees;

B. On the Second Count, redemption for and payment of the entire outstanding balance of the Whalehaven Note at the Event of Default Redemption Price as calculated under Section 4(b) of the Whalehaven Note including, but not limited to, all principal in the amount of $600,000, accrued and unpaid interest, accrued and unpaid late charges, the full

HF 3607666v.3 #12895/0001

redemption premium and the equity value redemption premium, as applicable, plus interest, costs and attorneys' fees;

C. On the Third Count, the Registration Delay Payments that are due and payable to Excalibur under Section 2(f) of the Excalibur Registration Rights Agreement, plus interest, costs and attorneys' fees;

D. On the Fourth Count, the Registration Delay Payments that are due and payable to Whalehaven under Section 2(f) of the Whalehaven Registration Rights Agreement, plus interest, costs and attorneys' fees; and

E. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 30, 2007

HERRICK, FEINSTEIN LLP

By: _____
Barry Werbin, Esq. (BW-3595)
John J. Malley, Esq. (JJM-3900)
Attorneys for Plaintiffs
Excalibur Limited Partnership and
Whalehaven Capital Fund, Ltd.
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 545-3401 (fax)