UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
EXCALIBUR LIMITED PARTNERSHIP AND
WHALEHAVEN CAPITAL FUND,                    Index No. 07 CV 3434

                Plaintiffs,

      -against-                              **ANSWER, AFFIRMATIVE**
                                                    **DEFENSES AND JURY DEMAND**
EARTH BIOFUELS, INC.,

                Defendant.
---------------------------------------------------------------x

      Defendant Earth Biofuels, Inc., by and through its attorneys, Salon Marrow Dyckman Newman & Broudy, LLP, answers Plaintiffs' Complaint, as follows:

      1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

      2.     Admits the allegations contained in Paragraph 2 of the Complaint.

      3.     Admits the allegations contained in Paragraph 3 of the Complaint.

      4.     Admits the allegations contained in Paragraph 4 of the Complaint.

      5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

      6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

      7.     Admits the allegations contained in Paragraph 7 of the Complaint.

      8.     Denies the allegations contained in Paragraph 8 of the Complaint.

      9.     Denies the allegations contained in Paragraph 9 of the Complaint.

      10.    Admits the allegations contained in Paragraph 10 of the Complaint.

11. Denies the allegations contained in Paragraph 11 of the Complaint.

12. Admits the allegations contained in Paragraph 12 of the Complaint.

13. Neither admits, nor denies the allegations contained in Paragraph 13 of the Complaint, but respectfully refers the Court to the Registration Rights Agreements referred to therein for the terms and conditions thereof.

14. Admits the allegations contained in Paragraph 14 of the Complaint.

15. Neither admits, nor denies the allegations contained in Paragraph 15 of the Complaint, but respectfully refers the Court to the Registration Rights Agreements referred to therein for the terms and conditions thereof.

16. Admits the allegations contained in Paragraph 16 of the Complaint.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

18. Admits the allegations contained in Paragraph 18 of the Complaint.

19. Neither admits, nor denies the allegations contained in Paragraph 19 of the Complaint, but respectfully refers the Court to the Registration Rights Agreements referred to therein for the terms and conditions thereof.

20. Admits the allegations contained in Paragraph 20 of the Complaint.

21. Admits the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Denies the allegations contained in Paragraph 23 of the Complaint, except to admit that Plaintiffs, by and through their attorneys, sent Defendant the letter which is attached to the Complaint as Exhibit E.

24. Neither admits, nor denies the allegations contained in Paragraph 24 of the Complaint, but respectfully refers the Court to the Redemption Notice attached to the Complaint for the contents thereof.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint. Complaint, but respectfully refers the Court to the Notes for the contents thereof.

27. Repeats and reasserts its responses to the allegations contained in Paragraphs 1 through 26 of the Complaint, as if more fully set forth at length herein.

28. Denies the allegations contained in Paragraph 28 of the Complaint.

29. Neither admits, nor denies the allegations contained in Paragraph 29 of the Complaint, as the allegations contained therein assert a legal conclusion.

30. Denies the allegations contained in Paragraph 30 of the Complaint.

31. Denies the allegations contained in Paragraph 31 of the Complaint.

32. Denies the allegations contained in Paragraph 32 of the Complaint.

33. Repeats and reasserts its responses to the allegations contained in Paragraphs 1 through 32 of the Complaint, as if more fully set forth at length herein.

34. Neither admits, nor denies the allegations contained in Paragraph 34 of the Complaint, as the allegations contained therein assert a legal conclusion.

35. Neither admits, nor denies the allegations contained in Paragraph 35 of the Complaint, as the allegations contained therein assert a legal conclusion.

36. Neither admits, nor denies the allegations contained in Paragraph 36 of the Complaint, as the allegations contained therein assert a legal conclusion.

37. Denies the allegations contained in Paragraph 37 of the Complaint.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

39. Repeats and reasserts its responses to the allegations contained in Paragraphs 1 through 38 of the Complaint, as if more fully set forth at length herein.

40. Neither admits, nor denies the allegations contained in Paragraph 40 of the Complaint, as the allegations contained therein assert a legal conclusion.

41. Neither admits, nor denies the allegations contained in Paragraph 41 of the Complaint, as the allegations contained therein assert a legal conclusion.

42. Neither admits, nor denies the allegations contained in Paragraph 42 of the Complaint, as the allegations contained therein assert a legal conclusion.

43. Denies the allegations contained in Paragraph 43 of the Complaint.

44. Denies the allegations contained in Paragraph 44 of the Complaint.

45. Repeats and reasserts its responses to the allegations contained in Paragraphs 1 through 44 of the Complaint, as if more fully set forth at length herein.

46. Neither admits, nor denies the allegations contained in Paragraph 46 of the Complaint, as the allegations contained therein assert a legal conclusion.

47. Neither admits, nor denies the allegations contained in Paragraph 47 of the Complaint, as the allegations contained therein assert a legal conclusion.

48. Neither admits, nor denies the allegations contained in paragraph 48 of the Complaint, as the allegations contained therein assert a legal conclusion.

49. Denies the allegations contained in Paragraph 49 of the Complaint.

50. Denies the allegations contained in Paragraph 50 of the Complaint.

## AFFIRAMTIVE DEFENSES

As separate and distinct defenses to the Complaint, and to each of Plaintiffs' alleged causes of action, Defendant without conceding that it bears the burden of proof as to any of the defenses and without admitting any of the allegations of the Complaint, alleges as follows:

### FIRST AFFIRAMTIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' purported Notice of Default is defective, and Plaintiffs have failed to satisfy the predicate to asserting the claims set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs are barred and estopped from asserting that Defendant has breached the terms of the registration rights agreements or the notes, based upon their continued attempt to renegotiate the terms of the conversion of the notes into stock – which, in turn, prevented Defendant from registering the notes.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims as to Defendant's alleged defaults are barred on the basis that Defendant made the payments necessary to bring its installment payments current under the notes, in reliance upon Plaintiffs' acceptance of same and execution of a forbearance agreement – the terms of which had been negotiated and agreed upon by and between the parties.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims as to Defendant's alleged defaults are barred on the basis that Defendant's payment of the amount necessary to bring its installment payments current under the

5

notes, and Plaintiffs' acceptance of same, and agreement to execute a forbearance agreement – the terms of which had been negotiated and agreed upon by and between the parties – constitutes a novation of the purported notes and the registration rights agreements.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims as to Defendant's alleged defaults are barred on the basis that Defendant's payment of the amount necessary to bring its installment payments current under the notes, and Plaintiffs' acceptance of same, and agreement to execute a forbearance agreement – the terms of which had been negotiated and agreed upon by and between the parties – constitutes a waiver of its alleged rights under the purported notes and registration rights agreements.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims as to Defendants' alleged defaults are barred on the basis that Defendant's payments to bring its installment payments current under the notes, and Plaintiffs' acceptance of same, constitute an accord and satisfaction of their then alleged defaults under the notes and registration rights agreements.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant did not engage in any conduct which actually or proximately caused Plaintiff to suffer any damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are barred due to their failure to mitigate their damages.

Dated: New York, New York
June 28, 2007

        SALON MARROW DYCKMAN NEWMAN & BROUDY, LLP

By: _____
    Daniel I. Goldberg (DG-5745)
    292 Madison Avenue
    New York, New York 10017
    Telephone: 212-661-7100
    **Counsel for Defendant**
    *Earth Biofuels, Inc.*

To:
Jack Malley, Esq.
Herrick Feinstein, LLP
2 Park Avenue
New York, New York 10016
212-592-1400
**Counsel for Plaintiffs**
*Excalibur Limited Partnership, and*
*Whalehaven Capital Fund Ltd.*